## THE STATE v. GEORGE H. LOCKER.

An inn-keeper is not indictable for being drunk in his own inn, unless it becomes a nuisance and is so charged in the indictment.

On motion to quash indictment.

Argued at February Term, 1888, before Justices VAN SYCKEL, KNAPP and DIXON.

For the defendant, *W. S. Gummere.*

For the state, *J. N. Voorhees.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The defendant is indicted for being openly, publicly and notoriously drunk in his own inn and tavern, in Flemington, in the county of Hunterdon.

Motion is made, on behalf of the defendant, to quash this indictment, on the ground that it does not charge an indictable offence.

The act for suppressing vice and immorality, passed December 12th, 1704 (*Allinson's Laws, p.* 3), provides that any person convicted of drunkenness before any justice of the peace, on his own confession or by the testimony of one witness, shall be fined six shillings for each offence.

By an act passed May 28th, 1779, drunkenness was made finable without further testimony, if committed in view of the justice.   *Wilson's Laws, p.* 77.

Section 11 of the act for suppressing vice and immorality, passed March 16th, 1798 (*Pat. L.*, *p.* 329), provides that any one convicted of drunkenness before any justice of the peace, either on view of the justice, confession of the offender, or the testimony of one witness, shall be fined for every offence the sum of $1.

The eleventh section of the act in Paterson is substantially the same as the seventh section of the vice and immorality act now in force. *Rev.*, *p.* 1229.

These provisions for the punishment of drunkenness, which have stood so long upon the staute-book, clearly indicate the general understanding that it is not an indictable offence in this state.

No authority has been found for maintaining such an indictment at common law, unless it becomes a public nuisance and is so charged in the indictment. *Whart. Prec. & Pleas* 778; *State* v. *Debevry*, 5 *Ired.* 371; *State* v. *Waller*, 3 *Murphy* 229.

The case of *Tipton* v. *State*, 2 *Yerger* 542, in which a single act of drunkenness was held to be indictable, was not followed in the Tennessee court in the later case of *Hutchinson* v. *State*, 5 *Humph.* 142.

The thirtieth section of the Inn and Tavern act (*Rev.*, *p.* 491), provides "that if any inn-holder and tavern-keeper shall be convicted of being drunk in his own inn and tavern, besides the penalty consequent on the crime of drunkenness, his license shall immediately thereupon become void."

This section does not declare drunkenness to be an indictable crime; the word crime is used in the sense of offence. The penalty consequent on the offence of drunkenness is prescribed by the vice and immorality act. The conviction spoken of in this section is to be had in a summary way before the court which granted the license, by virtue of section 23 of the Inn and Tavern act, and thereupon that court shall revoke the license.

The indictment in this case is without authority to support it, and must therefore be quashed.